[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This suit arises out of a motor vehicle collision at the intersection of Tresser Boulevard and Grey Rock Place in Stamford. The plaintiff, Edgar Sandoval, was driving an automobile owned by a corporation, H. Sandoval Foreign Car, Inc. The plaintiff's wife, Bertha Sandoval, was a passenger in the front seat. Mrs. Sandoval claims she suffered personal injuries in this accident and brought a separate law suit in this court (CV 97 0158477) which has been consolidated with this present case. The defendants are Richard Rafferty, a police officer of the city of Stamford, and the city itself.
The plaintiffs claim that the collision was caused by, among other things, the failure of Rafferty to comply with General Statutes § 14-283(b), which provides that an emergency vehicle such as a police car may proceed through a red light "but only after slowing down or stopping to the extent necessary for the safe operation of such vehicle," and further provided that the vehicle is using an "audible warning device and visible flashing or revolving lights," and is being driven with "due regard for the safety of all persons and property."
The plaintiffs brought a thirteen count complaint against the defendants who responded with a motion to strike eight of such CT Page 14315 counts in whole or in part. The motion is authorized by Practice Book (1998 Rev.) § 10-39 in order to contest the "legal sufficiency" of a complaint to "state a claim upon which relief can be granted." The plaintiffs agreed that the motion could be granted with regard to their tenth, eleventh and twelfth counts which involved the highway defect statute, General Statutes § 13a-149. Thus, remaining for review are counts three, four, five and six of the revised complaint dated July 15, 1997.
Third Count
This count is a claim by the plaintiff, Edgar Sandoval, for loss of consortium by reason of injuries sustained by his wife, Bertha. The defendants contend that such a claim must be a part of an action in which the injured spouse is a party and cannot be maintained as an independent cause of action. The defendants citeHopson v. St. Mary's Hospital, 176 Conn. 485, 408 A.2d 260
(1979), for the proposition that the personal injury action and the claim of loss of consortium must be brought in just one action. The case does not "direct," as indicated by the defendants, but only "recommends" that such claims be joined in one action in order to avoid improper verdicts and cases where the personal injury action is settled or decided against the injured person. Id., 494. These reasons are inapplicable to the present case in that the personal injury action and this present suit, which includes a claim of loss of consortium, have been consolidated for trial. Hence, the motion to strike this count is denied.
Fourth Count
This count claims that the city of Stamford is liable for the individual plaintiff's damages consisting of "bystander distress" and for the negligence of Rafferty "pursuant to § 7-465 or § 52-557n." General Statutes § 7-465 provides that a municipality "shall pay on behalf of any employee" any money which the employee is obliged to pay for, among other things, causing physical injury to another, provided the employee is acting within the scope of his duties and is not acting wilfully or wantonly. General Statutes § 52-557n provides that a municipality shall be liable for damages to a person caused by the negligence of its employees who are acting within the scope of their employment, and provided such an employee is not performing a function which requires "the exercise of judgment or discretion." CT Page 14316
The motion to strike this count refers, however, to General Statutes § 13a-149, the highway defect statute, and contends that under this statute, claims for bystander recovery are impermissible. The individual plaintiff's allegations in this count seem to be that Rafferty was negligent because, in effect, he was performing a non-discretionary task while driving his police vehicle, and that the City must pay any damages that Rafferty is obligated to pay to the plaintiffs. In short, this count does not appear to involve the highway defect statute, and hence the motion to strike is denied.
Fifth and Sixth Counts
The fifth and sixth counts of the revised complaint allege that Mr. Sandoval sustained emotional distress and loss of consortium. The defendants' motion to strike asserts that these claims are not permissible under the highway defect statute. For the reasons mentioned in connection with the fourth count, the motion to strike is denied.
So Ordered.
Dated at Stamford, Connecticut, this 15 day of December, 1998.
William B. Lewis, Judge.